Treva T. HOWELL and Marion Mullins, Plaintiffs,

v.

ZIFF–DAVIS PUBLISHING COMPANY, Defendants.

Civ. A. No. 752.

United States District Court, E. D. Kentucky, Jackson Division.

March 7, 1973.

Bryant & Franks, Jackson, Ky., for plaintiffs.

Harbinson, Kessinger, Lisle & Bush, Lexington, Ky., for defendants.

HERMANSDORFER, District Judge.

This cause of action is before the Court on the defendant's Motion to Dismiss the Complaint for want of jurisdiction over the person; failure to state a claim upon which relief may be granted and improper venue. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

The plaintiffs' claim for relief is based upon an alleged defamation of their character on the part of the defendant, through the inclusion of their photographs in the Spring 1970 edition of *Popular Photography's Woman*. (See plaintiffs' Exhibit A.)

The plaintiffs are residents of Breathitt County, Kentucky, a rural county in southeastern Kentucky. The pictures in question were incorporated into an article that was to show "the American way of life", a project of free lance photographer, Ben Fernandez. The plaintiffs' objection to these photographs is that they were published in a magazine which also published photographs of nude females. As a result, the plaintiffs assert that they were subjected to public ridicule and scorn in their community.

The plaintiffs contend that jurisdiction over the person of the defendant may be had under Kentucky law by virtue of KRS 271.385 and KRS 271.610(2).

The defendant is a Delaware corporation with its principal place of business in New York City and is qualifed to do business in various other states but not in Kentucky. The corporate defendant maintains no offices in this state and all distribution of the materials published by the defendant is accomplished utilizing the facilities of independent contractors. Solicitations of subscriptions were by "plugs" in the magazine and by wholly independent subscription companies. The defendant offers no subscriptions to the magazine. All advertising, with the exception of classified ads, is totally controlled by advertising agencies who designate how much space is allotted to each customer. The photographs in question were taken by a free lance photographer. No member of the defendant's editorial staff work or reside in Kentucky. The defendant's publications are all published by independent publishers and none of this work is performed in Kentucky.

Jurisdiction over a non-resident corporation not engaged in business in the territorial district of the Court requires "more than the casual presence of an agent or isolated incidents of activity in the state on the defendant's behalf." Gearhart v. WSAZ, Inc., 150 F. Supp. 98, 102 (E.D.Ky., 1957), aff'd, 254 F.2d 242 (6th Cir., 1958). Underlying this view are the considerations stated in International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945):

> "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he not be present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'."

Considering the facts underlying a claim for jurisdiction in this forum, it is clearly established that this defendant is not "present" in the Eastern District of Kentucky in any sense on its own volition and only most tenuously, if at all, by the acts of independent contractors

**470**

over whom it has no control. Under these facts, as said in the *International Shoe Company* opinion, 326 U.S. at 317, 66 S.Ct. at 158:

"To require the corporation in such circumstances to defend the suit away from home or other jurisdiction where it carries on more substantial activities has been thought to lay too great a burden on the corporation to comport with due process." International Shoe Co. v. Washington, supra at 317, 66 S.Ct. at 158.

Plaintiffs have not shown sufficient positive activities by this defendant in Kentucky in furtherance of its business to support jurisdiction *in personam*. Buckley v. New York Times Company, 338 F.2d 470 (5th Cir., 1964).

Defendant's Motion to Dismiss the Complaint for lack of jurisdiction over the person is sustained. Rule 12(h)(3), F.R.Civ.P.

It is so ordered.